**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD MATTHEW PHILLIPS, | Case No.: 2:19-cv-00425-APG-PAL |
| Plaintiff | **Order Denying Ex Parte Motion to Seal Case** |
| v. | [ECF No. 3] |
| AMBER PHILLIPS; HON. LINDA MARQUIS, in Her Honor's Official Capacity as Judicial Officer; HON. JENNIFER HENRY, in Her Honor's Official Capacity as Judicial Officer; HON. TIMOTHY ANDREWS, in His Honor's Official Capacity as Judicial Officer; DOES 1 – 10, | |
| Defendants | |

Plaintiff Todd Phillips filed an *ex parte* motion to seal this case. ECF No. 3. He argues that, because the parties are litigating a divorce and restraining orders in state court, the file in this case contains private details concerning the parties' private lives. *Id.* at 2. That is not a sufficient reason to seal the entire case.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Court records are presumptively publicly accessible. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* A party seeking to seal dispositive motions must articulate compelling reasons supported by specific factual findings that outweigh the general history of public access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a filing are when court records might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Phillips asks to seal not just motions, but the entire file. That would require an even greater showing of compelling reasons to seal. He has not made such a showing. Nor has Phillips explained why he cannot redact confidential information from specific filings. Because Phillips has not overcome the strong presumption under *Kamakana* that court files should be publicly accessible, I deny the motion.

IT IS HEREBY ORDERED that the plaintiff's motion to seal file **(ECF No. 3) is DENIED.**

DATED this 5th day of April, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE