AARON D. FORD
Attorney General
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3573 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Respondents*
*the Honorable Linda Marquis,*
*the Honorable Jennifer Henry, and*
*the Honorable Timothy Andrews*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD MATTHEW PHILLIPS,<br><br>Petitioner,<br><br>vs.<br><br>AMBER PHILLIPS; HON. LINDA MARQUIS, in Her Honor's Official Capacity as Judicial Officer; HON. JENNIFER HENRY, in Her Honor's Official Capacity as Judicial Officer; HON. TIMOTHY ANDREWS, in His Honor's Official Capacity as Judicial Officer; and DOES 1-10,<br><br>Respondents. | Case No. 2:19-cv-00425-APG-PAL<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY** |

**MEET AND CONFER DECLARATION OF KATLYN M. BRADY**

1. I, Katlyn M. Brady, am counsel of record for the Honorable Judge Marquis, Honorable Hearing Master Andrews, and Honorable Hearing Master Henry.

2. This declaration demonstrates my meet and confer efforts with plaintiff.

3. On April 13, 2019, the parties agreed to conduct a meet and confer. Among other issues, the parties agreed to discuss the need for a stay of discovery. Ex. A.

. . .

. . .

4. On April 18, 2019, the parties conducted a meet and confer. The parties agreed to stay discovery pending the resolution of defendants' forthcoming motion to dismiss. Ex. B.

5. On May 3, 2018, the state defendants filed a motion to dismiss that raised issues regarding justicability and federal abstention. The motion to dismiss would be dispositive of all claims against the state defendants.

6. On May 6, 2019, I sent plaintiff a proposed stipulation staying discovery. Ex. C.

7. On May 7, 2019, plaintiff revoked his prior agreement and stated, "DO NOT agree to the stay. Not willing to agree to anything to propose – because you are crooked." Ex. D. Plaintiff further stated, "Make your motion for protective order." *Id.*

8. I submit that the parties are at an impasse regarding whether discovery should proceed and it is appropriate at this time to seek this Court's intervention.

9. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of May, 2019.

                                               /s/ *Katlyn M. Brady*
                                               KATLYN M. BRADY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should stay discovery until the District Court rules on the parties' pending motion to dismiss. Plaintiff's attempt to involve federal courts in ongoing state family matters violates the theory of federalism and fails to recognize the role and authority of state courts. For the following reasons, a stay is necessary to preserve the independence of Nevada's state court system and maintain the balance between state and federal interests.

**First**, the motion to dismiss will be dispositive of all claims because it raises issues regarding justicability, federal abstention, and the Anti-Injunction Act. **Second**, no discovery is necessary to resolve these issues as plaintiff concedes there is an ongoing state matter and his requested relief would invalidate temporary child custody orders. **Third**, a preliminary peek at the motion to dismiss demonstrates that there is a strong federal interest in abstaining from state family matters and in avoiding injunctive relief that invalidates family court orders.

## II. BACKGROUND

### A. Plaintiff's allegations and claims for relief

Defendant Amber Phillips and Plaintiff are currently in the midst of an ongoing divorce and child custody proceeding in the Eighth Judicial District Court, Family Division. The Honorable Judge Linda Marquis is a district court judge in the Family Division of the Eighth Judicial District Court. ECF No. 1 at ¶4. Hearing Masters Henry and Andrews, respectively, serve as hearing masters in the Family Division. *Id*. All state defendants are named in their official capacities. *Id*. Plaintiff pled three causes of action, but only the last two are against the state defendants.[1]

Plaintiff's second cause of action is pled against Judge Marquis and Hearing Master Henry. *Id*. at ¶51. Plaintiff seeks injunctive relief pursuant to the Fifth and Fourteenth

---

[1] Plaintiff's first claim for relief is not pled against a state defendant, but against Amber Phillips. *Id*. at ¶10.

Amendments to the United States Constitution. *Id*. at ¶64. Plaintiff alleges that Hearing Master Henry and Judge Marquis violated Plaintiff's substantive and procedural due process rights by relying on the Duluth Model for determining domestic violence rather than acts by Plaintiff that have been determined as criminal under Nevada law. *Id*. at ¶¶60-65, 69, and 71-73.

Plaintiff's third cause of action is against Judge Marquis, Hearing Master Henry, and Hearing Master Andrews. *Id*. at ¶77. This claim is based on the Fourteenth Amendment's Equal Protection Clause. *Id*. at ¶¶77-81. Plaintiff alleges that the fact that his Temporary Protective Order application was denied, but Ms. Phillips' was granted, is unlawful sex discrimination. *Id*. at ¶¶80-85.

**B. The ongoing domestic relations case in the Eighth Judicial District Court, Family Division**

This case arises from an ongoing domestic relations case between Ms. Phillips and Plaintiff. *See generally* ECF No. 1. Plaintiff objects to how two applications for a temporary protective order were handled.

Ms. Phillips sought a temporary protective order against Plaintiff. ECF No. 1 at ¶11. Hearing Master Henry recommended that the TPO be granted and Plaintiff filed an objection to the district court, which was heard by Judge Marquis. *Id*. at ¶11, 22, and 54.

Plaintiff also sought a temporary protective order. ECF No. 1 at ¶80. Plaintiff alleges he filed his petition for a TPO to "level the playing field[.]" *Id*. Hearing Master Andrews denied Plaintiff's petition. *Id*. Plaintiff objected to the hearing master's findings and Judge Marquis reviewed the order. Judge Marquis remanded the TPO application and directed Hearing Master Andrews to provide written findings in support of his order.

Although plaintiff's claims specify these two temporary orders, it is clear the complaint seeks to grant plaintiff custody of his minor child. *Id*. at ¶ 9 ("Petitioner's chief goal is to restore his fundamental 'right to parent'"); ¶ 86(E) (requesting an expedited decree as to whether the court ordered reunification custody order should be dissolved).

The child custody matters remain ongoing in state family court.

## III. LEGAL STANDARDS

"[T]he Ninth Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). Courts apply a three-part test when determining whether to grant a stay. *See id.* at 602-03. Courts may grant a motion to stay when: (1) the motion to dismiss is potentially dispositive of all claims; (2) the motion can be decided without additional discovery; and (3) the Court's "preliminary peek" at the motion to dismiss makes clear the plaintiff cannot state a claim for relief." *See id.*

"[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997), *citing Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). The Ninth Circuit has previously upheld discovery stays when a party raises the issue of federal abstention. *See Confederated Salish v. Simonich*, 29 F.3d 1398, 1407 (1994).

## IV. LEGAL DISCUSSION

### A. The pending motion will be dispositive of the entire case

This Court should grant a stay because the pending motion to dismiss will be dispositive of the entire claim. Plaintiff asserts two causes of action against three state judicial officers. Claim II is a § 1983 action alleging Judge Marquis and Hearing Master Henry violated plaintiff's rights by granting a temporary protective order to Ms. Phillips. ECF No. 1 at ¶ 51-76. Claim III is a § 1983 action alleging Judge Marquis, Hearing Master Henry, and Hearing Master Andrews engaged in impermissible sex discrimination by denying plaintiff's motion for a temporary restraining order. *Id.* at ¶ 77-84. It appears plaintiff admits he never feared his ex-wife as the complaint acknowledges he filed an application for a temporary protective order simply to "level the playing field." *Id.* at ¶ 80.

. . .

The motion to dismiss sought dismissal of both claims on the basis of justiciability, *Younger* abstention, the domestic relations exception, and the Anti-Injunction Act. Federal courts are required to dismiss complaints once the *Younger* abstention doctrine applies. *See Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (holding courts must dismiss, and not stay, federal claims abstained from under *Younger*); *see also Meadow Valley Contractors, Inc. v. Johnson*, 89 F.Supp.2d 1180, 1185 (D. Nev. Mar. 20, 2000) (holding *Younger* abstention mandated dismissal of claims). Accordingly, this Court must dismiss both claims once it concludes *Younger* abstention applies.

Similarly, the domestic relations exception requires this Court abstain from interfering with state court orders relating to child custody. *See Peterson v. Babbit*, 708 F.2d 465, 466 (1983) (noting federal courts abstain from cases involving child custody). Like the *Younger* abstention doctrine, the domestic relations exception would be dispositive of both claims.

Finally, the Anti-Injunction Act is an absolute prohibition against enjoining state court proceedings. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100-01 (9th Cir. 2008). Plaintiff seeks injunctive relief for both claims and thus the Anti-Injunction Act prohibits a federal court from providing the requested relief.

This Court should grant a stay because the pending motion to dismiss is dispositive of all claims pending against the state defendants.

**B.  Discovery is not necessary to resolve the issues**

This Court should grant a stay because discovery is not necessary to resolve the issues. "[D]iscovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Ministerio Roca Solida v. U.S. Dep't of Fish and Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

The motion to dismiss presents only questions of law that are dispositive of this case. Issues regarding justicability, federal abstention, and the Anti-Injunction Act are pure questions of law. Discovery is not necessary to determine these issues. To the extent these

issues require findings of fact, the complaint provides all information necessary to resolve the issues. Specifically, the complaint admits that the underlying family court matter is ongoing; that plaintiff objected to the hearing masters' decision, that the district court ruled on these objections, and that the injunctive relief sought would effectively overturn state court decisions.

### C. A preliminary peek demonstrates the District Court is likely to grant the motion to dismiss

This Court's preliminary peek at the pending motion to dismiss demonstrates it is likely to succeed. As discussed above, the *Younger* abstention doctrine, domestic relations exception, and Anti-Injunction Act mandate dismissal.

**First**, the Ninth Circuit has already recognized that family law matters are "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000). *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *The San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Here, the underlying family court matter remains on going. Further, "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id. citing Juidice v. Vail*, 430 U.S. 327, 336 n. 12 (1977). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *Id.* at 336 (internal citations omitted). Finally, plaintiff has the opportunity to litigate his constitutional claims before Nevada courts. Accordingly, the *Younger* abstention applies.

**Second**, the domestic relations exception likewise requires abstention. The "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that

they should not adjudicate cases involving domestic relations."). Abstention is proper even if the case raises constitutional issues and is premised on alleged federal constitutional violations. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims in the case have independent merit, the state courts are competent to hear them." *Id.*

The complaint makes clear that plaintiff's overriding interest is to regain custody of his minor child. Plaintiff seeks to have the District Court overturn the temporary child custody orders and interject itself into Nevada's family court system. Accordingly, the domestic relations exception bars this action.

Finally, the Anti-Injunction Act prohibits plaintiff's requested relief. "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary to aid in its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has recognized that the identified exceptions are "narrow and are 'not [to] be enlarged by loose statutory construction.'" *Chick Kam Choo v. Exxon Corp.*, 468 U.S. 140, 146 (1988).

The Anti-Injunction Act prohibits plaintiff's requested relief. Congress has not authorized federal courts to intervene in state family court matters. Nor is an injunction necessary to protect or aid federal jurisdiction. As the state matter was filed first, there is no federal order that needs protection. Accordingly, the Anti-Injunction act requires dismissal.

**V.  CONCLUSION**

This Court should allow the District Court to reach the preliminary issues of justicability, federal abstention, and the Anti-Injunction Act. Discovery is unnecessary to resolve these questions of law. A preliminary peek at these arguments will demonstrate

. . .
. . .
. . .

1  that the motion is likely meritorious. Accordingly, this Court should grant a stay of
2  discovery pending resolution of the motion to dismiss.
3      DATED this 9th day of May, 2019.

        AARON D. FORD
        Attorney General

        By: /s/ *Katlyn M. Brady*
           KATLYN M. BRADY (Bar No. 14173)
           Deputy Attorney General
           *Attorneys for Respondents*
           *the Honorable Linda Marquis,*
           *the Honorable Jennifer Henry, and*
           *the Honorable Timothy Andrews*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system on the 9th day of May, 2019.

I certify that the following participant in this case is not a registered electronic filing system user and service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage:

Todd Matthew Phillips
4894 W. Lone Mountain Rd., #132
Las Vegas, NV  89130
*Plaintiff pro se*

　　　　　　　　　　　　　　/s/ *Traci Plotnick*
　　　　　　　　　　　　　　TRACI PLOTNICK, An employee of the
　　　　　　　　　　　　　　Office of the Attorney General