AARON D. FORD
Attorney General
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
katlynbrady@ag.nv.gov

*Attorneys for Respondents the Honorable Linda Marquis, the Honorable Jennifer Henry, and the Honorable Timothy Andrews*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TODD MATTHEW PHILLIPS,

Petitioner,

vs.

AMBER PHILLIPS; HON. LINDA MARQUIS, in Her Honor's Official Capacity as Judicial Officer; HON. JENNIFER HENRY, in Her Honor's Official Capacity as Judicial Officer; HON. TIMOTHY ANDREWS, in His Honor's Official Capacity as Judicial Officer; and DOES 1-10,

Respondents.

Case No. 2:19-cv-00425-APG-BNW

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND (ECF NO. 23)**

Defendants, the Honorable Linda Marquis, the Honorable Jennifer Henry, and the Honorable Timothy Andrews, by and through their attorneys, Aaron D. Ford, Attorney General for the State of Nevada and Katlyn M. Brady, Deputy Attorney General, request this Court deny Plaintiff's motion to amend.

. . .

. . .

. . .

## I. INTRODUCTION

This Court should deny Plaintiff's motion to amend because the amendments are futile. Although Plaintiff's added claims are not pled against Marquis, Henry, and Andrews, Plaintiff's proposed added claims are inextricably intertwined with the issues involving domestic relations that this Court should abstain from resolving under both *Younger* and the domestic relations abstention doctrines. Further, the remedy under *Younger* and the domestic relations abstention doctrines is dismissal, and so, this Court should refrain permitting new claims into an action that should be dismissed.

### A. Plaintiff's child custody dispute remains ongoing in state court

Defendant Amber Phillips and Plaintiff are currently in the midst of an ongoing divorce and child custody proceeding in the Eighth Judicial District Court, Family Division. On June 11, 2019, the family court found Plaintiff's actions demonstrate "that he is unfit to have unsupervised visitation with his son, at least without first complying with the reunification therapy order[.]" Ex. A. The trial date regarding child custody is set for August 29, 2019. Ex. B.

### C. Plaintiff's attempt to add more claims related to child custody

On July 15, 2019, Plaintiff filed a motion for leave to file the first amended petition. ECF No. 23. Plaintiff asserted a fourth cause of action, parental abduction, against defendant Amber Phillips. ECF No. 23-1 at 28-36.

Plaintiff's fifth cause of action is asserted against the City of North Las Vegas. ECF No. 23-1 at 37:1-3. Plaintiff alleges the City of North Las Vegas failed to train its law enforcement officers on child custody laws. *Id.* at 37-38.

### D. The pending motion to dismiss renders these claims futile

On May 3, 2019, the judicial defendants filed a motion to dismiss. ECF No. 11. The motion to dismiss argued the *Younger* abstention doctrine mandates the dismissal of an action when there is ongoing state proceedings. *Id.* at 7-8. The motion further noted the Ninth Circuit has already determined family law matters, including child custody, are

. . .

"precisely the type of case suited to *Younger* abstention." *Id.* at 7:21-22 (citing *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000).

Further, the motion to dismiss argued the domestic relations exception requires dismissal. *Id.* at 8-9. The domestic relations exception recognizes that federal courts do not have jurisdiction to hear child custody disputes.

Both the *Younger* abstention doctrine and domestic relations exception mandate the dismissal of the underlying complaint and the proposed amendments.

## IV. LEGAL STANDARDS

This Court should deny Plaintiff's motion to amend the complaint because it will be futile. "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion" is the same as reviewing a complaint under the Rule 12(b)(6) standard. *Doe v. Nevada*, 356 F.Supp.2d 1123, 1125 (D. Nev. 2004). To survive dismissal under FED. R. CIV. P. 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although a complaint need not contain detailed allegations, it must allege sufficient facts to "raise a right to relief above the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## V. LEGAL ARGUMENT

### A. The *Younger* abstention doctrine bars the new allegations because the state court proceedings remain ongoing

This Court should deny the motion to amend because the *Younger* abstention doctrine mandates dismissal. The Ninth Circuit has recognized that family law matters ae "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (citing *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (holding that *Younger* abstention was appropriate in § 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle)). A court must dismiss a case when

. . .

the *Younger* doctrine applies. *See Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).

Here, the *Younger* abstention doctrine mandates dismissal of the underlying action and the proposed amendments. The proposed amendments require this Court to make a child custody determination to adjudicate whether an abduction occurred. However, the state custody proceedings remain ongoing. Accordingly, the *Younger* abstention doctrine mandates dismissal of this action, and the proposed amendments.

**B. The domestic relations exception mandates dismissal**

This Court should deny the motion to amend because the domestic relations exception mandates dismissal. The "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations.").

Here, Plaintiff's amended petition requires this Court to adjudicate a child custody matter. Thus, the domestic relations exception prevents this Court from asserting jurisdiction over these claims and mandates dismissal of this action. Accordingly, this Court should deny the motion to amend because the domestic relations exception renders the amendments futile.

**VI. CONCLUSION**

This Court should deny Plaintiff's motion to amend because it is futile. The state family court continues to properly assert jurisdiction and address all issues relating to child

. . .

. . .

. . .

custody. Thus, both the *Younger* abstention doctrine and the domestic relations exception mandate dismissal.

DATED this 29th day of July, 2019.

AARON D. FORD
Attorney General

By: /s/ *Katlyn M. Brady*
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system on the 29th day of July, 2019.

I certify that the following participants in this case is not a registered electronic filing system user and will be served via U.S. Mail, Certified Mail - Return Receipt Requested:

Todd Matthew Phillips
4894 W. Lone Mountain Rd., #132
Las Vegas, NV 89130
Certified Mail - Return Receipt Requested
No. 7009 2250 0001 8859 8280

/s/ *Traci Plotnick*
Traci Plotnick, an employee of the
Office of the Attorney General