# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD MATTHEW PHILLIPS,<br><br>Plaintiff<br><br>v.<br><br>AMBER PHILLIPS; HON. LINDA MARQUIS, in Her Honor's Official Capacity as Judicial Officer; HON. JENNIFER HENRY, in Her Honor's Official Capacity as Judicial Officer; HON. TIMOTHY ANDREWS, in His Honor's Official Capacity as Judicial Officer; DOES 1 – 10,<br><br>Defendants | Case No.: 2:19-cv-00425-APG-BNW<br><br>**Order (1) Granting Motion to Dismiss and (2) Denying Motion to Amend**<br><br>[ECF Nos. 11, 23] |

Plaintiff Todd Phillips (Todd) is litigating divorce and child custody issues against his wife Amber Phillips (Amber) in Nevada state court. After the state court issued a temporary protective order and other orders, Todd filed this lawsuit against Amber and against state court Judge Linda Marquis and state court Hearing Masters Jennifer Henry and Timothy Andrews (collectively the "state defendants"). He contends his "right to parent" is being violated in the state court proceedings. ECF No. 1 at 6. He seeks declaratory and injunctive relief under the Fifth and Fourteenth Amendments to the United States Constitution.

The state defendants move to dismiss the claims against them because the *Younger* abstention doctrine precludes federal courts from interfering with on-going state court proceedings. This is especially true when, as here, the plaintiff's federal claims arise from domestic relations proceedings, which are traditionally left to the state courts. I agree, so I will grant the motion to dismiss this case.

> Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings . . . . Absent

extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.

*San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). Family law matters—especially where interlocutory orders exist—are "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000). Dismissal is required when *Younger* abstention applies. *San Remo*, 145 F.3d at 1103.

Todd is actively litigating his divorce and custody issues in state court. Nevada has a strong interest in how domestic relations issues are resolved. *See H.C. ex rel. Gordon*, 203 F.3d at 613 ("This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, . . . and in which the state courts have a special expertise and experience.") (internal citations omitted).[1] Nothing precludes Todd from litigating his federal claims in the state court action. Therefore, I will dismiss the claims under *Younger* without reaching the other grounds for dismissal raised by the state defendants.

I also dismiss Todd's claim against Amber because it, too, arises from the divorce case and thus is barred by *Younger*. *See* ECF No. 1 at 7 ("<u>Legal Issue Presented</u>: Where family law courts find domestic violence, may courts thereupon revoke the perpetrator's parental rights—and award sole custody to the victim? (No.)"). In addition, Todd has not filed proof that he served Amber with the summons and complaint for this case. Federal Rule of Civil Procedure 4(m) allows dismissal of a lawsuit against a defendant who has not been served within 90 days after the complaint is filed. I do not dismiss the claim against Amber based on that service defect, however, as *Younger* abstention renders moot any proof of service.

---

[1] *See also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and *a fortiori*, the rights of visitation.") (internal quote omitted).

Todd filed a motion for leave to amend his complaint to add two causes of action and a new defendant. ECF No. 23. But his proposed amended complaint is likewise barred by *Younger* because the proposed claims are inextricably intertwined with the divorce and custody issues being litigated in state court. Thus, amendment would be futile and the *Younger* abstention doctrine mandates that I dismiss the lawsuit. Therefore, I deny Todd's motion to amend.

I GRANT the defendants' motion to dismiss **(ECF No. 11)**. The complaint is dismissed in its entirety.

I DENY the plaintiff's motion for leave to file an amended complaint **(ECF No. 23)**.

I ORDER the clerk of the court to enter judgment accordingly and close this case.

DATED this 14th day of January, 2020.

 ANDREW P. GORDON
 UNITED STATES DISTRICT JUDGE